IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| SHAWNEE STONE, LLC, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 3:20-cv-985 |
| ) | |
| CRAIN BROTHERS, INC., ) | |
| ) | |
| Defendant. ) | |

## COMPLAINT

COMES NOW Plaintiff, Shawnee Stone, LLC ("Plaintiff"), by and through its attorneys, and for its Complaint against Defendant Crain Brothers, Inc. ("Defendant"), states as follows:

## STATEMENT OF CASE

1. This suit involves a breach of contract claim against Defendant due to its early termination of its contract with Plaintiff. On May 12, 2020, Plaintiff and Defendant entered into a contract for the sale of certain rock to be supplied in weekly deliveries to Defendant at a price of $14.50 per ton. The breach at issue is Defendant's subsequent termination of its contract with Plaintiff after its execution and prior to the first supply delivery. Defendant's refusal to perform the contract constitutes a breach of contract. As a result of this breach, Plaintiff has suffered damages.

## JURISDICTION AND VENUE

2. Jurisdiction is proper in this Court pursuant to 28 U.S.C. § 1332(a) (diversity) because the dispute is between citizens of different States and the amount in controversy exceeds the sum of $75,000.00.

3.  Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because a substantial part of the property giving rise to this claim is in this judicial district and the parties each submitted to its sole and exclusive jurisdiction to hear this claim.

## PARTIES

4.  Plaintiff is a limited liability company duly organized in the State of Illinois with its principal place of business at 202A W Main St., Salem, Illinois 62881.

5.  Defendant is a Louisiana corporation with its principal place of business at 300 Rita Drive, Bell City, Louisiana 70630.

## FACTS COMMON TO ALL COUNTS

6.  On or about May 12, 2020, Plaintiff and Defendant (collectively, the "Parties") entered into an agreement wherein Plaintiff agreed to supply and Defendant agreed to purchase 60,000-70,000 tons of MVD 2-4 Ton Stone (the "Stone") at $14.50 per ton to be delivered in weekly estimates by Defendant (hereinafter referred to as the "Contract"). A true, accurate and correct copy of the Contract is attached hereto as **Exhibit A.**

7.  Pursuant to Paragraph 2.3 of the Contract, Defendant's execution and acceptance of the Contract is deemed conclusive evidence of Defendant's acceptance of the terms and conditions of the Contract.

8.  On or about July 8, 2020, Defendant requested Plaintiff to reduce the price stated in the Contract by $1.00 per ton.

9.  Plaintiff timely rejected Defendant's request to modify the agreed upon price.

10. On or about July 9, 2020, Defendant notified Plaintiff that it was terminating the Contract with Plaintiff and contracting with another party for its supply of the Stone.

11. To date, Defendant is refusing to perform under the Contract.

12. Defendant breached the Contract by its repudiation and refusal to perform.

13. If the Contract was fully performed, the Contract price for the Stone supply would total a minimum of $870,000.00 and a maximum of $1,015,000.00.

14. At a minimum, Plaintiff expected the Contract price to be $870,000.00 for its supply of the Stone to Defendant.

15. Plaintiff has been damaged by Defendant's breach because it is now unable to realize any of the profits it expected to receive from performance under the Contract.

16. Plaintiff has suffered damages in an amount in excess of $75,000.00.

## COUNT I
### Breach of Contract

17. Plaintiff incorporates by reference all the preceding paragraphs of this Complaint as if fully stated herein.

18. The Contract between Plaintiff and Defendant is a valid and enforceable contract.

19. The Contract was formed by an offer, acceptance, and consideration.

20. Plaintiff is fully capable, willing and able to perform under the Contract.

21. If Defendant had not terminated the Contract early, Plaintiff was prepared to provide the first supply of Stone for Defendant and continuously supply the Stone until all 60,000-70,000 tons were delivered.

22. This early termination of the Contract constitutes a repudiation and a total breach of the Contract by Defendant.

23. As a result of the Defendant's breach of the Contract:

   a. Plaintiff lost the profits it expected to receive for its performance under the Contract;

   b. Plaintiff lost on the opportunity to enter into other potential contracts to supply the Stone; and

   c. In order to mitigate its damages, Plaintiff will have to attempt to sell the Stone it prepared to supply Defendant and potentially sell it for less than the amount provided in the Contract.

  24. Further, as a result of Defendant's actions, Plaintiff was required to retain counsel to protect its interests and litigate this matter. Pursuant to Section 19 of the Contract, Plaintiff is entitled to reimbursement for its costs of this litigation, including its reasonable attorney's fees.

  WHEREFORE, Plaintiff Shawnee Stone, LLC, prays the Court enter judgment in its favor and against Defendant Crain Brothers, Inc., and award it damages in an amount in excess of $75,000.00, its costs incurred in litigating this matter, including its reasonable attorney's fees, and for any additional relief the Court deems just and proper.

        Respectfully submitted,

        BYRON CARLSON PETRI & KALB, L.L.C.


        BY: /s/ Christopher W. Byron
          Christopher W. Byron, #6230810
          Brian R. Kalb, #6275228
          411 St. Louis Street
          Edwardsville, IL 62025
          Phone: 618-655-0600
          Fax: 618-655-4004

        *Attorneys for Plaintiff*